SHEPARD J. GOLDBERG and NATHAN S. JONAS, as Executors, etc., of ABRAHAM JALKOFF, Deceased, Appellants, v. MICHAEL JALKOFF, as Surviving Partner of the Firm of JALKOFF BROTHERS, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ.

W. LINDSAY GORDON, Respondent, v. WALTER JOHNSON and EARL H. HOPKINS, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ.

HOME MORTGAGE INVESTMENT COMPANY OF NEW YORK, Respondent, v. BRENACK STEVEDORING COMPANY, INC., Appellant, and Others, Defendants.— Order of the County Court of Kings county affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

In the Matter of the Petition of JOHN P. DUFF and ELIZABETH·D. POTTER, Appellants, to Render and Settle Their Accounts as Executors, etc., of ELIZABETH DUFF, Deceased. MALCOLM F. DUFF, Respondent.— Order of the Surrogate's Court of Kings county affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

In the Matter of the Petition of ARTHUR B. HAMLEN, Appellant, to Prove the Last Will and Testament of MARY A. HAMLEN, Deceased. ARTHUR C. HAMLEN, Respondent.— There was no authority in the acting surrogate to make the order. The order of the Surrogate's Court of Kings county is, therefore, reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur.

In the Matter of the Application for Letters of Administration, etc., of ROCCO MACCHIA, Sometimes Known as ROBERT MARK, Deceased. LIZZIE D. MACCHIA, etc., Appellant; MILDRED SLOAN and Another, Respondents.— Decree of the Surrogate's Court of Queens county modified so as to provide that the surrogate shall set a day for the continuance and completion of the pending application for letters of administration.so that he may decide the question presented as soon as practicable; and the matter is remitted to said surrogate for such disposition. The decree is further modified by striking out the provision authorizing the temporary administrator to take possession of the real estate and collect rents, etc. If it shall appear that such authority is necessary, an application may be made to the surrogate as provided in Code of Civil Procedure, section 2701; and as so modified the decree is affirmed, without costs to either party. Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ., concur. Settle order on notice.